IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN DAVILA, | No. CIV S-09-1747-FCD-CMK-P |
|     Plaintiff, | |
|   vs. | ORDER |
| D. MEDINA, et al., | |
|     Defendants. | |
|                               / | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: Medina, a prison physician's assistant; Nepomuceno, the chief prison physician; and McDonald, the prison warden. Plaintiff states that he has type 2 diabetes as well as high blood pressure. Prior to incarceration, he had been seeing a doctor once a month. Plaintiff claims that, upon arrival at High Desert State Prison in March 2008, he notified prison medical personnel about his medical conditions, but that "medical staff . . . ignored Plaintiff's plea for help." He states that his continued requests for access to medical care were also ignored. He adds that he was not even allowed access to blood sugar level testing supplies.

According to plaintiff, he was finally seen by defendant Medina on September 10, 2008. Medina told plaintiff that he had been scheduled for lab work but did not otherwise provide any medical treatment. Plaintiff states that upon reporting for his next appointment with defendant Medina on September 16, 2008, he was not allowed to see Medina and no treatment was provided. Plaintiff's November 17, 2008, request for medical treatment was denied. Plaintiff states that, as of June 2009 he was "still trying to speak with R.N.s about his medical needs."

## II. DISCUSSION

The gravamen of plaintiff's claim is that he was denied medical treatment for his serious medical conditions of type 2 diabetes and high blood pressure. Deliberate indifference to

a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

The court finds that plaintiff has stated a claim based on deliberate indifference to serious medical needs as against defendant Medina. However, as to defendants McDonald and Nepomuceno, who are supervisory personnel, plaintiff has not stated a claim. Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability

1  under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the
2  supervisor participated in or directed the violations.  See id.  The Supreme Court has rejected the
3  notion that a supervisory defendant can be liable based on knowledge and acquiescence in a
4  subordinate's unconstitutional conduct because government officials, regardless of their title, can
5  only be held liable under § 1983 for his or her own conduct and not the conduct of others.  See
6  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  When a defendant holds a supervisory position,
7  the causal link between such defendant and the claimed constitutional violation must be
8  specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld,
9  589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the
10 involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v.
11 Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] plaintiff must plead that each
12 Government-official defendant, through the official's own individual actions, has violated the
13 constitution."  Iqbal, 129 S.Ct. at 1948.

14         As discussed above, the supervisory defendants cannot be liable for defendant
15 Medina's actions or lack of action.  They can only be liable for their own actions or lack of
16 action.  Plaintiff has not alleged that either McDonald or Nepomuceno knew about plaintiff's
17 serious medical needs and, despite such knowledge, failed to provide medical treatment.  While
18 plaintiff claims that he submitted prison grievances and exhausted his grievance process, this
19 does not necessarily indicate that either the chief prison physician or prison warden had
20 knowledge of plaintiff's complaints.  Because, however, it is possible this defect can be cured,
21 plaintiff will be provided an opportunity to amend the complaint to allege facts showing that
22 defendants McDonald and Nepomuceno knew of plaintiff's serious medical needs and failed to
23 provide medical necessary treatment.   See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir.
24 2000) (en banc).
25 / / /
26 / / /

### III.  CONCLUSION

Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that plaintiff may file a first amended complaint within 30 days of the date of service of this order.

DATED:  October 5, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE