IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUBEN DAVILA,                                       No. CIV S-09-1747-FCD-CMK-P

    Plaintiff,

  vs.                                                              ORDER

D. MEDINA, et al.,

    Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1). Also before the court are plaintiff's motion for the appointment of counsel (Docs. 20 and 21).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). A summary of plaintiff's claims is outlined in the court's October 5, 2009, order and will not be repeated here. The complaint appears to state a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) as against defendant Medina. By separate findings and recommendations issued herewith, the court recommends dismissal of defendants McDonald and Nepomuceno, who are supervisory personnel. If the allegations

1

against defendant Medina are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.  The court, therefore, finds that service is appropriate and will direct service by the U.S. Marshal without pre-payment of costs.  Plaintiff is informed, however, that this action cannot proceed further until plaintiff complies with this order.  Plaintiff is warned that failure to comply with this order may result in dismissal of the action.  See Local Rule 110.

As to plaintiff's motions for the appointment of counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not at this time find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (Docs. 20 and 21) are denied;

2. The court authorizes service on the following defendant(s):

MEDINA;

3. The Clerk of the Court shall send plaintiff one USM-285 form for each defendant identified above, one summons, an instruction sheet, and a copy of the complaint; and

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

        4.       Within 30 days of the date of service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

        a.       The completed Notice of Submission of Documents;

        b.       One completed summons;

        c.       One completed USM-285 form(s); and

        d.       Two copies of the endorsed complaint.

DATED: February 10, 2010

                                          **CRAIG M. KELLISON**
                                          UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

RUBEN DAVILA,                                            No. CIV S-09-1747-FCD-CMK-P

      Plaintiff,

    vs.

D. MEDINA, et al.,

      Defendants.

_____/

<u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

Plaintiff hereby submits the following documents in compliance with the court's order:

      __1__      completed summons form;

      ____      completed USM-285 form(s); and

      ____      copies of the complaint.

DATED: _____                      _____

                                                               Plaintiff