IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN DAVILA, | No. CIV S-09-1747-KJM-CMK-P |
|     Plaintiff, | |
|   vs. | FINDINGS AND RECOMMENDATIONS |
| D. MEDINA, | |
|     Defendant. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendant's unopposed motion to dismiss (Doc. 38) for failure to exhaust administrative remedies prior to filing suit.

**I. PLAINTIFF'S ALLEGATIONS**

Plaintiff states that he has type 2 diabetes as well as high blood pressure.  Prior to incarceration, he had been seeing a doctor once a month.  Plaintiff claims that, upon arrival at High Desert State Prison in March 2008, he notified prison medical personnel about his medical conditions, but that "medical staff . . . ignored Plaintiff's plea for help."  He states that his continued requests for access to medical care were also ignored.  He adds that he was not even

allowed access to blood sugar level testing supplies.  According to plaintiff, he was finally seen by defendant Medina on September 10, 2008.  Medina told plaintiff that he had been scheduled for lab work but did not otherwise provide any medical treatment.  Plaintiff states that upon reporting for his next appointment with defendant Medina on September 16, 2008, he was not allowed to see Medina and no treatment was provided.  Plaintiff's November 17, 2008, request for medical treatment was denied.  Plaintiff states that, as of June 2009 he was "still trying to speak with R.N.s about his medical needs."

## II.  STANDARD FOR MOTION TO DISMISS

A motion to dismiss based on a prisoner's failure to exhaust administrative remedies is properly the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b).  See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact."  Id. at 1119-20.  Where the court looks beyond the pleadings to a factual record in deciding the motion to dismiss, which is ". . . a procedure closely analogous to summary judgment," the court must assure that the plaintiff has fair notice of his opportunity to develop a record.  Id. at 1120 n.14 (referencing the notice requirements outlined in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).  Defendants bear the burden of establishing that the plaintiff failed to exhaust administrative remedies prior to filing suit.  See Wyatt, 315 F.3d at 1120.  If the court concludes that administrative remedies have not been exhausted, the unexhausted claim should be dismissed without prejudice.  See id. at 1120; see also Jones v. Bock, 127 S.Ct. 910 (2007).

/ / /

/ / /

/ / /

/ / /

### III.  DISCUSSION

Prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit.  See 42 U.S.C. § 1997e(a).  This requirement is mandatory regardless of the relief sought.  See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)).  Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is pending.  See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  The Supreme Court recently addressed the exhaustion requirement in Jones v. Bock, 549 U.S. 199 (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in the complaint because lack of exhaustion is an affirmative defense which must be pleaded and proved by the defendants; (2) an individual named as a defendant does not necessarily need to be named in the grievance process for exhaustion to be considered adequate because the applicable procedural rules that a prisoner must follow are defined by the particular grievance process, not by the PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some, but not all, claims are unexhausted.

The Supreme Court also held in Woodford v. Ngo that, in order to exhaust administrative remedies, the prisoner must comply with all of the prison system's procedural rules so that the agency addresses the issues on the merits.  548 U.S. 81, 89-96 (2006).  Thus, exhaustion requires compliance with "deadlines and other critical procedural rules."  Id. at 90.  Partial compliance is not enough.  See id.  Substantively, the prisoner must submit a grievance which affords prison officials a full and fair opportunity to address the prisoner's claims.  See id. at 90, 93.  The Supreme Court noted that one of the results of proper exhaustion is to reduce the quantity of prisoner suits "because some prisoners are successful in the administrative process, and others are persuaded by the proceedings not to file an action in federal court."  Id. at 94.

Defendant argues that plaintiff never submitted a grievance concerning his claims to the final level of review.  According to defendant, as of June 24, 2009 – the date this action

was filed – plaintiff had filed two inmate grievances concerning health care, but they were both screened out as procedurally defective. Defendant's argument is supported by the declaration of J. Walker, who is the Chief of the Office of Third Level Appeals – Health Care for the California Department of Corrections and Rehabilitation. Given the foregoing undisputed evidence, which the court may consider on a motion to dismiss for lack of exhaustion, the court finds that plaintiff failed to exhaust his administrative remedies prior to filing suit. This action, therefore, should be dismissed without prejudice.

## IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Defendant's motion to dismiss (Doc. 38) be granted;
2. All other pending motions be denied as moot; and
3. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 2, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE